**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ROGETT L. WILCOX,

        Petitioner,

vs.                                Case No.   3:05-cv-327-J-32MCR
                                                             3:03-cr-119-J-32MCR

UNITED STATES OF AMERICA,

        Respondent.

_____

**ORDER**[1]

This case is before the Court on petitioner Rogett L. Wilcox's pro se Motion to Vacate, Correct, or Modify Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 1) and petitioner's Request for an Evidentiary Hearing in Reference to the Court's Lack of Subject Matter Jurisdiction to Enhance Sentence (Doc. 13). Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that an evidentiary hearing is not necessary to decide the instant petition.

On June 30, 2003, Wilcox pled guilty to Count One of the Indictment, which charged possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). (Crim. Docs. 1, 24 & 27).[2]

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

[2] Citations to Wilcox's criminal case file, 3:03-cr-119-J-32MCR, are denoted as "Crim. Doc. ___." Citations to Wilcox's civil § 2255 case file, 3:05-cv-327-J-32MCR,

Wilcox's guilty plea was entered pursuant to a written plea agreement he signed on June 17, 2003. (Crim. Doc. 22). On November 19, 2003, the undersigned sentenced Wilcox to 188 months' imprisonment.[3] (Crim. Doc. 33). On November 26, 2003, judgment upon Wilcox's criminal conviction was entered. (Crim. Doc. 34). No direct appeal was filed. On April 12, 2005, Wilcox filed the instant § 2255 petition. (Doc. 1).

Wilcox contends in his § 2255 petition that: (1) his counsel was ineffective for failing to inform him of the purported application of Apprendi v. New Jersey, 120 S.Ct. 2348 (2000) to his conviction and sentence; (2) his counsel was ineffective for failing to contest the Court's subject matter jurisdiction to sentence him because the government failed to file the appropriate information pursuant to 21 U.S.C. § 851(a)(1) to use prior convictions to "enhance" the sentence; (3) his guilty plea was not knowing and voluntary because his counsel failed to inform him that drug type and quantity were elements of the offense; and (4) his counsel was ineffective for failing to raise objections at sentencing pursuant to Blakely v. Washington, 124 S.Ct. 2531 (2004), and United States v. Booker, 125 S.Ct. 738 (2005). (Doc. 1). The government raises numerous arguments in response to the instant § 2255 petition; however, the Court need not progress further than the government's first argument that petitioner's

---

are denoted as "Doc. ___."

[3] Wilcox's criminal history category of VI and offense level of 31 resulted in a guidelines range of 188 to 235 months. (Doc. 12-3).

motion is time barred.  (Doc. 12).

28 U.S.C. § 2255 provides, in pertinent part:

A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of -

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Here, the applicable time from which the statute of limitations began to run is the date upon which the judgment of conviction became final.  That date is when the opportunity for direct appeal of the judgment of conviction has expired.  See Adkins v. United States, 204 F.3d 1086, 1089 n. 1 (11th Cir. 2000); accord Ramirez v. United States, 146 Fed.Appx. 325, 326 (11th Cir. 2005) (unpublished opinion).  Wilcox never filed an appeal; thus, his judgment of conviction (entered on November 26, 2003) became final once the time to file his notice of appeal expired (i.e., 10 days after the entry of the judgment of conviction).  See Fed. R.App. P. 4(b)(1)(A)(i), (6).  Because this occurred more than one year before Wilcox filed his § 2255 petition and there is

no basis for equitable tolling, Wilcox's § 2255 petition is time barred.[4] [5]

Accordingly, it is hereby **ORDERED**:

1.     Rogett L. Wilcox's Motion to Vacate, Correct, or Modify Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED WITH PREJUDICE**. The Clerk shall enter judgment in favor of the United States and against Rogett L. Wilcox, and close the file.

2.     Wilcox's Request for an Evidentiary Hearing in Reference to the Court's Lack of Subject Matter Jurisdiction to Enhance Sentence (Doc. 13) is **DENIED**.

---

[4]     Wilcox's fourth ground for relief in the § 2255 petition is based on the Supreme Court's decisions in Blakely v. Washington, 124 S.Ct. 2531 (2004), and United States v. Booker, 125 S.Ct. 738 (2005). Blakely and Booker do not affect the instant case because Wilcox's sentence was pronounced prior to them, and Blakely and Booker do not apply retroactively to cases on collateral review. Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005).

[5]     In his reply, Wilcox alleges that the one year statute of limitations does not bar his § 2255 claim because the Court lacked subject matter jurisdiction to sentence him due to the government's failure to file an information pursuant to 21 U.S.C. § 851(a)(1) informing him that it sought to increase his punishment by reason of one or more prior convictions. Even assuming *arguendo* this alleged jurisdictional defect can be asserted outside the limitations period, Wilcox's contention fails. Because the government utilized Wilcox's prior convictions to classify him as a career offender to increase the applicable sentencing guidelines range, rather than seeking to increase any statutory minimum or maximum penalty, the notice requirements of § 851(a)(1) do not apply. See Young v. United States, 936 F.2d 533, 536 (11th Cir. 1991); accord United States v. McElroy, 2006 WL 1228707 *3 (11th Cir. May 09, 2006) (unpublished opinion) (citing Young).

**DONE AND ORDERED** at Jacksonville, Florida this 12th day of June, 2006.

_____
TIMOTHY J. CORRIGAN
United States District Judge

t.
Copies:
counsel of record pro se party